Joshua B. Swigart, Esq. (SBN 225557)
josh@westcoastlitigation.com
David J. McGlothlin, Esq. (SBN 253265)
david@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
Ryan L. McBride, Esq. (SBN 297557)
ryan@kazlg.com
**Kazerouni Law Group**
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile:   (800) 520-5523

Attorneys for the Plaintiff
Robert A. Pastor

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Robert A. Pastor, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Bank of America, <br><br> Defendant. | **COMPLAINT FOR DAMAGES** <br><br> **[CLASS ACTION]** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has also found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Robert A. Pastor, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Bank of America ("Defendant"), with regard to Defendant's unauthorized and unlawful credit inquiry, and this conduct caused Plaintiff's damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for any supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").

8. Because Defendant is a corporation within the State of California and conducts business in California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391 as the Defendant has multiple locations and conducts a substantial amount of business within the Northern District of California.

### PARTIES

10. Plaintiff Robert A. Pastor is a natural person who resides in the City of Henderson, County of Clark, State of Nevada.

11. Defendant is a registered business with the California Secretary of State and carries out daily transactions with numerous customers in the Northern District of California. In addition, Defendant has multiple physical locations and conducts business daily in the City of Oakland, County of Alameda, State of California.

12. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant acquired Plaintiff's credit information through an unauthorized inquiry of

3

Plaintiff's "consumer report" as that term is defined by 15 U.S.C. 1681a(d)(1).

## STATUTORY BACKGROUND

15. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.

16. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

17. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

18. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

19. 15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless – (1) the consumer report is obtained

for a purpose for which the consumer report is authorized to be furnished under this section."

20. The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer. See 15 U.S.C. § 1681b(a)(3)(A)-(F).

## FACTUAL ALLEGATIONS

21. At all times relevant to this matter, Plaintiff was an individual residing within the State of Nevada.

22. At all times relevant, Defendant was a registered business with the California Secretary of State and carried out daily transactions with numerous customers in the Northern District of California. In addition, Defendant had multiple physical locations and conducted business daily in the City of Oakland, County of Alameda, State of California.

23. On or about March 28, 2011, Plaintiff jointly filed for a Chapter 13 Bankruptcy as a married couple in the U.S. States Bankruptcy Court, District of Nevada, Case number 11-14415.

24. In Plaintiff's bankruptcy filing, Defendant was included as a creditor.

25. Defendant was listed as a creditor and was served notice of Plaintiff's initial bankruptcy filing.

26. Defendant received additional notice several times throughout Plaintiff's bankruptcy litigation, including but not limited to receiving copies of Plaintiff's "NOTICE OF MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF BANK OF AMERICA (ACCT ENDING IN 7199) PURSUANT TO 11 U.S.C §506(a) AND §1322," and "ORDER ON MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY

RIGHTS OF BANK OF AMERICA (ACCT ENDING IN 7199) PURSUANT TO 11 U.S.C §506(a) AND §1322 BY DEBTORS."

27. Plaintiff's bankruptcy discharge occurred on January 5, 2015.

28. As a listed creditor in Plaintiff's bankruptcy schedules, Defendant also received notice of Plaintiff's discharge.

29. On or about March 31, 2015, Defendant made an account inquiry accessing Plaintiff's Equifax credit report indicating a permissible purpose of "AR."

30. According to Equifax's prefix descriptions, "AR" indicates a periodic review of credit history by one of Plaintiff's creditors.

31. Plaintiff did not conduct any business nor incur any additional financial obligations with Defendant since the date of the discharge of their bankruptcy.

32. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports.

33. Since any alleged debt owed to Defendant was discharged in bankruptcy, an account review by Defendant was not a permissible purpose to access Plaintiff's consumer report information.

34. Defendant's inquiry for Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

35. Defendant's inquiry does not qualify as a "firm offer of credit" under the FCRA.

36. As a result of Defendant's illegal actions, Plaintiff's credit score was lowered.

37. Since Defendant should have had notice of Plaintiff's bankruptcy and should have been aware the debt was no longer owed, Defendant's actions were willful.

## Class Action Allegations

38. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

39. Plaintiff represents, and is a member of the Class, consisting of:

> All persons with addresses within the United States within the past five (5) years whose consumer credit report from any of the three major credit reporting agencies (Transunion, Equifax, and Experian) reflects an unauthorized consumer credit report inquiry by Defendant after bankruptcy discharge.

40. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

41. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive practices, when it submitted an unauthorized consumer report inquiry under 15 U.S.C. § 1681 et seq. Plaintiff and the Class members were damaged thereby.

42. This suit seeks only recovery of actual and statutory damages on behalf of

the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

43. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

44. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

45. Whether, within the five years prior to the filing of this Complaint, Defendant or its agents submitted any consumer credit report inquiries after the accounts of members of the Class have been discharged; and

46. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations.

47. As a person who suffered an unauthorized consumer credit report inquiry by Defendant on his credit report, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

48. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size

of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

49. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.

50. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

### COUNT I

### FAIR CREDIT REPORTING ACT (FCRA)

### 15 U.S.C. §§ 1681 ET SEQ.

51. Plaintiff and the putative class repeat, re-allege, and incorporate by reference, all other paragraphs.

52. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

53. As a result of each and every negligent violation of the FCRA, Plaintiffs are entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); and

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

54. As a result of each and every willful violation of the FCRA, Plaintiffs are entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

## PRAYER FOR RELIEF

55. **WHEREFORE,** Plaintiffs prays that judgment be entered against Defendant, and Plaintiffs be awarded damages from Defendant, as follows:

## COUNT I
## FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. §§ 1681 ET SEQ.

56. An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

57. An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

58. An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and

59. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA.

///

///

### TRIAL BY JURY

60. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: August 21, 2015 **Hyde & Swigart**

By: /s/ Joshua B. Swigart_____
Joshua B. Swigart
Attorney for the Plaintiff and
Putative Class