MORGAN, LEWIS & BOCKIUS LLP
JOSEPH DUFFY, State Bar Number 241854
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:     213.612.7378
Fax:    213.612.2501
Email:  jduffy@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
CHRISTINA M. VITALE, *Pro Hac Vice*
1000 Louisiana Street 41st Floor
Houston, TX  77002
Tel:     713.890.5000
Fax:    713.890.5001
Email:  cvitale@morganlewis.com

Attorney for Defendant BANK OF AMERICA, N.A.
(erroneously sued as "BANK OF AMERICA")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert A. Pastor, on behalf of himself and all others similarly situated<br><br>Plaintiff(s),<br><br>v.<br><br>Bank of America<br><br>Defendant. | Case No.  15-cv-03831-VC<br><br>BANK OF AMERICA, N.A.'S ANSWER TO COMPLAINT<br><br>Complaint Filed:  August 21, 2015<br>Judge:  Hon. Vince V. Chhabria<br>Courtroom:  4<br>Trial Date:  None Set |

Defendant Bank of America, N.A. ("BANA"), through its undersigned counsel of

record, answers and responds to the Complaint ("Complaint") of Plaintiff Robert A. Pastor, on

behalf of himself and all others similarly situated ("Plaintiff").

1.     The averments of Paragraph 1 of the Complaint consist of conclusions that are

not directed at BANA and statements to which no response is required.

2.     The averments of Paragraph 2 of the Complaint consist of legal conclusions,

conclusory allegations, and arguments to which no response is required.  To the extent that

Paragraph 2 may be deemed to require a response, BANA denies each of the averments of Paragraph 2 of the Complaint.

3.      BANA lacks knowledge or information sufficient to form a belief as to each of the averments of Paragraph 3 and therefore denies them.

4.      The averments of Paragraph 4 of the Complaint consist of legal conclusions, conclusory allegations, and arguments to which no response is required.  To the extent that Paragraph 4 may be deemed to require a response, BANA denies each of the averments of Paragraph 4 of the Complaint.

5.      The averments of Paragraph 5 of the Complaint consist of legal conclusions, conclusory allegations, and arguments to which no response is required.  To the extent that Paragraph 5 may be deemed to require a response, BANA denies each of the averments of Paragraph 5 of the Complaint.

6.      BANA admits that the Complaint purports to bring a cause of action under the statutes described in Paragraph 6 of the Complaint with respect to the averment regarding "supplemental state claims;" BANA lacks knowledge or information sufficient to form a belief as to each of the averments in Paragraph 6.

7.      BANA denies the averments of Paragraph 7.

8.      BANA admits that it is a national banking association and it conducts business in California; otherwise, BANA denies the averment of Paragraph 8 of the Complaint.

9.      BANA admits that it has multiple locations and conducts business within the Northern District of California; otherwise, BANA denies each of the averments of Paragraph 9 of the Complaint.

10.     The averments of Paragraph 10 are not directed at BANA, and therefore, no response is required.  To the extent that Paragraph 10 may be deemed to require a response, BANA lacks knowledge or information sufficient to form a belief as to each of the averments in Paragraph 10.

11.     BANA admits that it is a registered business with the California Secretary of State and carries out transactions with customers in the Northern District of California, and

that it has physical locations and conducts business in the City of Oakland, County of Alameda, State of California; otherwise, BANA denies the averments of Paragraph 11 of the Complaint.

12.     The averments of Paragraph 12 consist of legal conclusions, conclusory allegations, and arguments to which no response is required.  To the extent that Paragraph 12 may be deemed to require a response, BANA lacks knowledge or information sufficient to form a belief as to each of the averments in Paragraph 12.

13.     The averments of Paragraph 13 consist of legal conclusions, conclusory allegations, and arguments to which are not directed at BANA, and therefore, no response is required.  To the extent that Paragraph 13 may be deemed to require a response, BANA lacks knowledge or information sufficient to form a belief as to each of the averments in Paragraph 13.

14.     The averments of Paragraph 14 of the Complaint consist of legal conclusions, conclusory allegations, and arguments to which no response is required.  To the extent that Paragraph 14 may be deemed to require a response, and after reasonable investigation, BANA does not have enough information to admit or deny and, therefore, denies the averments in Paragraph 14 of the Complaint.

15.     The averments of Paragraph 15 of the Complaint consist of conclusions that are not directed at BANA and statements to which no response is required.

16.     The averments of Paragraph 16 of the Complaint consist of conclusions that are not directed at BANA and statements to which no response is required.

17.     The averments of Paragraph 17 of the Complaint consist of legal conclusions, conclusory allegations, and arguments to which no response is required.

18.     The averments of Paragraph 18 of the Complaint consist of legal conclusions, conclusory allegations, and arguments to which no response is required.

19.     The averments of Paragraph 19 of the Complaint consist of legal conclusions, conclusory allegations, and arguments to which no response is required.

20. The averments of Paragraph 20 of the Complaint consist of legal conclusions, conclusory allegations and arguments to which no response is required.

21. BANA lacks knowledge or information sufficient to form a belief as to each of the averments in Paragraph 21.

22. BANA admits that it is a registered business with the California Secretary of State and carries out transactions with customers in the Northern District of California, and that it has physical locations and conducts business in the City of Oakland, County of Alameda, State of California; otherwise BANA denies the averments of Paragraph 22.

23. The averments of Paragraph 23 of the Complaint consist of legal conclusions, conclusory allegations, and arguments to which no response is required.

24. The averments of Paragraph 24 of the Complaint consist of legal conclusions, conclusory allegations, and arguments to which no response is required:  BANA admits it was served Notice of Plaintiff's Bankruptcy filing.

25. The averments of Paragraph 25 of the Complaint consist of legal conclusions, conclusory allegations, and arguments to which no response is required:  BANA admits it was served Notice of Plaintiff's Bankruptcy filing.

26. The averments of Paragraph 26 of the Complaint consist of legal conclusions, conclusory allegations, and arguments to which no response is required:  BANA admits it was served Notice of Plaintiff's Bankruptcy filing.

27. The averments of Paragraph 27 of the Complaint consist of legal conclusions, conclusory allegations, and arguments to which no response is required.

28. The averments of Paragraph 28 of the Complaint consist of legal conclusions, conclusory allegations, and arguments to which no response is required:  BANA admits it was served Notice of Plaintiff's Bankruptcy filing.

29. After reasonable investigation, BANA does not have enough information to admit or deny, and therefore, denies the averments in Paragraph 29 of the Complaint.

30. The averments of Paragraph 30 are not directed at BANA, and therefore, no response is required.  To the extent that Paragraph 30 may be deemed to require a response,

BANA lacks knowledge or information sufficient to form a belief as to each of the averments in Paragraph 30.

31.     BANA does not have enough information to admit or deny, and therefore, denies the averments in Paragraph 31 of the Complaint.

32.     The averments of Paragraph 32 of the Complaint consist of legal conclusions that are not directed at BANA and statements to which no response is required.

33.     The averments of Paragraph 33 of the Complaint consist of legal conclusions, conclusory allegations, and arguments to which no response is required.  To the extent that Paragraph 33 may be deemed to require a response, and after reasonable investigation, BANA does not have enough information to admit or deny, and therefore, denies the averments in Paragraph 33 of the Complaint.

34.     The averment of Paragraph 34 of the Complaint consists of a legal conclusion. To the extent that Paragraph 34 may be deemed to require a response, and after reasonable investigation, BANA does not have enough information to admit or deny, and therefore, denies the averments in Paragraph 34 of the Complaint.

35.     The averments of Paragraph 35 of the Complaint consist of legal conclusions, conclusory allegations, and arguments to which no response is required.  To the extent that Paragraph 35 may be deemed to require a response, and after reasonable investigation, BANA does not have enough information to admit or deny, and therefore, denies the averments in Paragraph 35 of the Complaint.

36.     The averments of Paragraph 36 of the Complaint consist of legal conclusions, conclusory allegations, and arguments to which no response is required.  To the extent that Paragraph 36 may be deemed to require a response, and after reasonable investigation, BANA does not have enough information to admit or deny, and therefore, denies the averments in Paragraph 36 of the Complaint.

37.     The averments of Paragraph 37 of the Complaint consist of legal conclusions, conclusory allegations, and arguments to which no response is required.  To the extent that

Paragraph 37 may be deemed to require a response, BANA denies the averments in Paragraph 37 of the Complaint.

## CLASS ACTION ALLEGATIONS

38.    Responding to Paragraph 38 of the Complaint, Defendant incorporates all preceding Paragraphs as though fully set forth herein.  The averments of Paragraph 38 are not directed at BANA, and therefore, no response is required.  To the extent that Paragraph 38 may be deemed to require a response, BANA generally denies the averments in Paragraph 38.

39.    Responding to Paragraph 39 of the Complaint, the Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, BANA denies that the class can be certified as defined and denies that this matter is appropriate for class certification.

40.    Responding to Paragraph 40 of the Complaint, the Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies that the class can be certified as defined and denies that this matter is appropriate for class certification.

41.    Responding to Paragraph 41 of the Complaint, the Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies that the class can be certified as defined and denies that this matter is appropriate for class certification.

42.    Responding to Paragraph 42 of the Complaint, the Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies that the class can be certified as defined and denies that this matter is appropriate for class certification.

43.    Responding to Paragraph 43 of the Complaint, the Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies that the class can be certified as defined and denies that this matter is appropriate for class certification.

44.     Responding to Paragraph 44 of the Complaint, the Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies that the class can be certified as defined and denies that this matter is appropriate for class certification.

45.     Responding to Paragraph 45 of the Complaint, the Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies that the class can be certified as defined and denies that this matter is appropriate for class certification.

46.     Responding to Paragraph 46 of the Complaint, the Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies that the class can be certified as defined and denies that this matter is appropriate for class certification.

47.     Responding to Paragraph 47 of the Complaint, the Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies that the class can be certified as defined and denies that this matter is appropriate for class certification.

48.     Responding to Paragraph 48 of the Complaint, the Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies that the class can be certified as defined and denies that this matter is appropriate for class certification.

49.     Responding to Paragraph 49 of the Complaint, the Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies that the class can be certified as defined and denies that this matter is appropriate for class certification.

50.     Responding to Paragraph 50 of the Complaint, the Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies that the class can be certified as defined and denies that this matter is appropriate for class certification.

**COUNT I:**

**FAIR CREDIT REPORTING ACT (FCRA)**

51.     Responding to Paragraph 51 of the Complaint, BANA incorporates all preceding Paragraphs as though fully set forth herein.

52.     Responding to Paragraph 52 of the Complaint, the Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, BANA denies that it violated federal law and denies each of the averments in Paragraph 52.

53.     Responding to Paragraph 53 of the Complaint, the Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, BANA denies that it violated federal law and denies that it is liable for any damages or other relief sought in this lawsuit.

54.     Responding to Paragraph 54 of the Complaint, the Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, BANA denies the allegations and denies that it is liable for any damages or other relief sought in this lawsuit.

55.     Answering the Prayer for Relief, BANA denies that Plaintiff or anyone he purports to represent is entitled to any relief whatsoever, including any of the relief demanded in Paragraphs 52-54, and 56-59.

56.     Responding to Paragraph 56 of the Complaint, the Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, BANA denies the allegations and denies that it is liable for any damages or other relief sought in this lawsuit.

57.     Responding to Paragraph 57 of the Complaint, the Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, BANA denies the allegations and denies that it is liable for any damages or other relief sought in this lawsuit.

58.     Responding to Paragraph 58 of the Complaint, the Paragraph states legal conclusions to which no response is required.  To the extent that a response is required,

BANA denies the allegations and denies that it is liable for any damages or other relief sought in this lawsuit.

59.     Responding to Paragraph 59 of the Complaint, the Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, BANA denies the allegations and denies that it is liable for any damages or other relief sought in this lawsuit.

60.     The averments of Paragraph 60 of the Complaint consist of legal conclusions that are not directed at BANA and statements to which no response is required.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it rests upon Plaintiff, BANA avers the following as separate affirmative and/or additional defenses to Plaintiff's Complaint:

## FIRST DEFENSE

61.     As a separate and additional affirmative defense, BANA asserts that Plaintiff's claim is barred, in whole or in part, because BANA asserts that the Complaint fails to state facts sufficient to constitute a claim or cause of action against BANA upon which relief may be granted.

## SECOND DEFENSE

62.     As a separate and additional affirmative defense, BANA asserts that Plaintiff's claim is barred, by California Civil Code section 1788.30(e) because the actions, if any, as alleged in the Complaint were not intentional and resulted from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid any such error because, among other things, BANA did not intentionally seek to engage in credit inquiries with no permissible purpose.  The credit inquiries may have been taken by third parties not associated with BANA.

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD DEFENSE**

63.     As a separate and additional affirmative defense, BANA asserts that Plaintiff's claim is barred, in whole or in part, because all of the actions being challenged by Plaintiff were lawful, justified, and were carried out in furtherance of legitimate business interests.

**FOURTH DEFENSE**

64.     As a separate and additional affirmative defense, BANA asserts that Plaintiff and all members of the putative class that they purport to represent have waived any and all claims, rights, and demands made in the Complaint.

**FIFTH DEFENSE**

65.     As a separate and additional affirmative defense, BANA asserts that Plaintiff failed to take reasonable steps to protect themselves from the damage or injury alleged in the Complaint and failed to mitigate any such alleged damage or injury.

**SIXTH DEFENSE**

66.     As a separate and additional affirmative defense, BANA asserts that the Complaint and each of the causes of action are barred, in whole or in part, by the doctrine of unclean hands.

**SEVENTH DEFENSE**

67.     As a separate and additional affirmative defense,  BANA asserts that Plaintiff's claims and the claims of the putative class that plaintiff purport to represent are barred, in whole or in part, on the ground that BANA has acted in good-faith compliance with the provisions of the FCRA, with the rules and regulations promulgated thereunder, or with the interpretation of those rules and regulations.

BANA specifically reserves all separate or additional defenses that it may have against any member of the putative class. It is not necessary at this time for BANA to delineate such defenses against the putative class because no class has been certified and the putative class members are not parties to the litigation.  BANA also specifically reserves the right to assert in response to the Complaint any additional or different defenses and affirmative defenses based on

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

10

BANA'S ANSWER TO COMPLAINT
Case No. 15-CV-03831-VC

1   information or knowledge obtained during discovery or investigation and/or based on the

2   particular circumstances of the class members in the event a class is certified.

3   WHEREFORE, Defendant BANA requests:

4       1.      That Plaintiff take nothing by reason of the Complaint on file herein, and that

5       said Complaint be dismissed with prejudice;

6       2.      That the Proposed Class by Plaintiff not be certified;

7       3.      Entry of Judgment in favor of BANA and against Plaintiff on all causes of

8       action;

9       4.      Award to BANA of its attorneys' fees, litigation expenses, and costs incurred

10      in defense of this action; and

11      5.      Award of such other and further relief as the Court deems just and appropriate.

12

13   Dated:  October 30, 2015                    MORGAN, LEWIS & BOCKIUS LLP

14                                               By:  _____*/S/ Joseph Duffy*_____

15                                                         Joseph Duffy

16                                               Attorney for Defendant
                                                 BANK OF AMERICA, N.A.

17

18

19

20

21

22

23

24

25

26

27

28