# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Robert A. Pastor; Scott M. Van Horn; Regina M. Florence; and William E. Florence III, on behalf of themselves and all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**Bank of America, N.A.**<br><br><br>Defendant. | Case No: 15-cv-03831-VC<br><br>CLASS ACTION<br><br>ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>[Hon. Vince Chhabria] |

On July 26, 2016, after extensive arms-length negotiations, and private mediation conducted before Honorable Edward Infante (ret.), Plaintiff and Defendant (herein jointly referred to as the "Parties") entered in to a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23, for monetary damages as set forth in the Agreement.

1 Pursuant to the Joint Motion for Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion"), the Parties now request preliminary approval of the proposed class action settlement.

The Court has read and considered the Revised Class Action Settlement Agreement (hereinafter referred to as "Agreement"), Preliminary Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE IT IS HEREBY ORDERED:

1. <u>JURISDICTION</u>: The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. <u>PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT</u>:  The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, and the Exhibits thereto, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class members, especially in light of the benefits to the Settlement Class members, the strength and weaknesses of the Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals. The Court finds that the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

3. <u>CLASS MEMBERS</u>:  The settlement class is certified and defined as:
   All persons with an address within the United States whose consumer credit report was obtained by BANA and/or FIA Card Services (FIA) for an Account Review Inquiry during the period August 21, 2010, through the Date of Preliminary Approval where the subject account relationship had terminated because any of the following criteria were met: (i) the debt on the account had been discharged in bankruptcy; (ii) the account was closed with a zero balance; or (iii) the account had been sold or transferred to a third party.  Excluded from the Class are

        all current Bank of America employees, officers and directors, and the judge and magistrate presiding over this Action and their respective staff.

4. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>: Pursuant to Fed. R. Civ. P. 23, the Court appoints Abbas Kazerounian and Ryan McBride of the Kazerouni Law Group, APC and Joshua B. Swigart and David J. McGlothlin of Hyde & Swigart as Class Counsel for purposes of settlement.

5. <u>NOTICE AND CLAIMS PROCESS</u>: The Court approves the form and substance of the proposed notice procedure set forth in the Agreement. As provided in that Agreement, Defendant Bank of America will provide the name and last known addresses for the Settlement Class members obtained from its databases to Claims Administrator KCC. KCC shall mail Notice to each Class Member at their last known address as provided by Defendant, and update those addresses for which notice is returned, then send a follow-up Notice to those addresses for which a more current address was obtained. The Notice shall reference a website established for this Settlement, and that website shall contain the details of the Settlement. The Notice shall also contain the Claims Administrator's toll free telephone number so that the Class Members can inquire about the Settlement and also make a claim over the telephone. At least ten (10) days prior to the Final Approval Hearing, the Claims Administrator shall file a declaration of compliance with the notice procedures as set forth in the Agreement. The form and method for notifying the Class Members of the settlement and its terms and conditions satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constitutes the best notice practicable under the circumstances. The Court finds that the notice process is designed to advise the Class Members of their rights. Further, the Court finds that the claims process set forth in the Agreement is the best practicable procedure under the circumstances.

6. <u>CLAIMS PROCESS</u>: The Court preliminarily approves the process set forth in the Agreement for submitting, reviewing, approving and paying all claims from the $1,645,000 Settlement Fund. Each Class Member that timely submits a claim will receive a pro-rata portion of the settlement fund.

7. <u>EXCLUSIONS</u>: Any Settlement Class member who desires to be excluded from the class must send a written request for exclusion to the Claims Administrator, with a postmark date no later than the last date to file claims during the Claims Period.) The Claims Administrator's address shall be provided in the notice mailed to the Class Members and also shall be posted on the website. The Claims Administrator shall provide a list of those persons requesting exclusion to Class Counsel and to Defendant's counsel after the deadline for exclusions passes, but no later than ten (10) days prior to the Final Approval Hearing. A copy of that list will be filed with the Parties' Motion for Final Approval of the Class Action Settlement.

8. To be effective, the written request for exclusion must contain the person's full name and address and be signed by the Settlement Class member. They must also state generally that they wish to be excluded from the settlement.

9. Any Settlement Class member who submits a valid and timely request for exclusion shall not be bound by the Agreement or settlement.

10. <u>OBJECTIONS</u>: Any Settlement Class member who intends to object to the fairness of the Settlement must file a written objection with the Court no later than the last date to file claims during the Claims Period. Further, any such Settlement Class member must, within the same time period, provide a copy of the written objection to Class Counsel and Defense Counsel, whose addresses shall be set forth in the website's notice advising the Settlement Class members about objections.

11. For an objection to be considered by the Court, the objection must also set forth: The name of the Action; The objector's full name, address, and

telephone number; An explanation of the basis upon which the objector claims to be a Settlement Class Member; All grounds for the objections, accompanied by any legal support for the objection; The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application; The identity of all counsel representing the objector who will appear at the Final Approval Hearing; A list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; A statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and The objector's signature (an attorney's signature is not sufficient); A list of all other objections and consideration paid to resolve them; For any objector who did not receive Mail Notice and claims to be a member of the Settlement Class, the objector must prove: A true and correct copy of the objector's credit report(s) showing an Account Review Inquiry during the Class Period; The date and documentation of one of the three events listed in the Settlement Class definition that preceded the Account Review Inquiry; and Attestation that, to the best of the objector's knowledge, BANA conducted an Account Review Inquiry after one of the three events listed in the Settlement Class definition.

12. Any Settlement Class member who does not file a valid and timely objection to the Settlement shall be barred from seeking review of the Settlement by appeal or otherwise.

13. <u>FINAL APPROVAL HEARING</u>: A hearing (hereinafter the "Final Approval Hearing") will be held on January 11, 2018, at 10:00 AM, at the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, Courtroom 4-17th Floor, San Francisco, CA 94102. to review the following issues:

1    A. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class members and should be approved by the Court;

B. Whether the Final Judgment and Order of Dismissal With Prejudice, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against Released Parties;

C. To discuss and review other issues as this court deems appropriate.

14. Attendance at the Final Approval Hearing is not necessary. Settlement Class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class members wishing to be heard are, however, required to indicate in their written objection whether they intend to appear at the Final Approval Hearing.

15. <u>MISCELLANEOUS PROVISIONS</u>: The Agreement and this Order shall be null and void if any of the following occur:

A. The Agreement is terminated by any of the Parties for failure of any consideration under the Agreement, or the number opt-outs exceeds the limit as set forth in the Agreement, or any specified condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

B. The Court rejects, in any material respect, the Final Judgment and Order of Dismissal With Prejudice substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form thereof;

C. The Court rejects any component of the Agreement, including any amendment thereto approved by the Parties;

      D. The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise;

16. If the Agreement and this Order are voided under paragraph 15, then the Agreement shall have no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

17. Notwithstanding any language in the settlement agreement to the contrary, the Court will not enjoin other litigation. Therefore, any language in the settlement agreement suggesting that future litigation is enjoined will be unenforceable.

18. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

IT IS SO ORDERED.

Dated: July 7, 2017

_____
THE HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE