David J. McGlothlin, Esq. (SBN: 253265)
david@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

ABBAS KAZEROUNIAN (SBN 249203)
**Kazerouni Law Group, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
E-mail: ak@kazlg.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Robert A. Pastor; Scott M. Van Horn; Regina M. Florence; and William E. Florence III, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**Bank of America, N.A.**<br><br>Defendant. | **Case No.: 15-cv-03831-VC**<br><br>**DECLARATION OF ATTORNEY JOSHUA SWIGART IN SUPPORT OF CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, COSTS AND INCENTIVE PAYMENT** |

I, Joshua B. Swigart, declare as follows:

1.   I am one of the attorneys for the Plaintiffs Robert A. Pastor, Regina Florence, William Florence, and Scott Van Horn (collectively referred to as "Plaintiffs"). I am over the age of 18 and am fully competent to make this declaration. I am a member in good standing of the bars of the State of California, Washington, District of Columbia and Michigan. I am also

DECLARATION OF JOSHUA SWIGART          1          15-cv-0381-VC

admitted in every federal district in California and have handled federal litigation in Washington, Arizona, Minnesota, Tennessee and Texas.

2. If called as a witness, I would competently testify to the matters herein from personal knowledge. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

3. I submit this declaration in support of the Plaintiffs' motion for fees and costs and final approval of class action settlement.

4. This action, which was originally filed on August 21, 2015, was taken on a contingency fee basis agreeing to advance all necessary expenses knowing that I would only receive a fee if there were a recovery.

5. On July 26, 2016 the parties participated in a mediation conducted by Honorable Edward A. Infante (Ret.) that culminated with the filing of the Motion for Preliminary Approval.

6. I have been preliminarily approved as Class Counsel in this matter.

7. I have incurred 77.4 hours in connection with this action, which time records were carefully reviewed. Specifically, I have incurred hours reviewing documents, motion practice, communicating with opposing counsel, communicating with co-counsel on related matters, preparing for hearings, and a significant amount of time participating in several mediations.

8. In my fee request I have included a request for 10 hours of additional time that I will likely spend going forward in seeking final approval of, and implementing the Settlement, including assisting Class Members with claims and overseeing claims administration, and preparing and filing the motion for final approval of class action settlement.

9. As of October 12, 2017, my firm, Hyde & Swigart along with my co-counsel's firm, Kazerouni Law Group, have incurred $19.023.42 in litigation costs.

DECLARATION OF JOSHUA SWIGART                                                                                    15-cv-0381-VC

10. I am not seeking recovery of fees for hours incurred by paralegals working at Hyde & Swigart on this action.

11. I believe that the Parties are fully apprised of the relative strengths and weaknesses of each other's claims and defenses and the potential risks to each party of pursuing further litigation in this matter, especially following mediation.

12. I continue to be unaware of any conflict of interest between Plaintiffs and any settlement class member or between Plaintiffs and Plaintiffs' attorneys.

### CLASS COUNSEL'S EXPERIENCE

13. Since my admission to the California bar in 2003, I have been engaged exclusively in the area of consumer rights litigation, primarily in the area of fair credit reporting, fair debt collections, the defense of debt collection lawsuits, class action litigation under the Telephone Consumer Protection Act, California's invasion of privacy statutes pursuant to Penal Code § 630, *et seq.*, and false advertising actions concerning consumer products.

14. The hourly rate for my work in this action is $605.

15. I was recently approved for an hourly rate of $605 in *Oxina v. Lands' End, Inc.*, 3:14-cv-02577-MMA-NLS (S.D. Cal. Dec. 2, 2016) and *Abdeljalil v. GE Capital Retail Bank*, 3:12-cv-02078-JAH-MDD (S.D. Cal. Dec. 22, 2016).

16. I was approved for an hourly rate of $595 in *Sherman v. Kaiser Foundation Health Plan, Inc.* 3:13-cv-00981-JAH-JMA, Dkt. No. 58 (May 12, 2015) and *Mount v. Wells Fargo Bank, N.A.*, Case No. B260585 (Court of Appeal of the State of California, Second Appellate District; Feb. 10, 2016), and impliedly so in *Couser v. Apria Healthcare Inc., et al.*, 13-cv-00035-JVS-RNB, Dkt. No. 50 (C.D. Cal. March 9, 2015), and *Lemieux v. EZ Lube, Inc. et al.*, 12-cv-01791-BAS-JLB, Dkt. No. 83 (S.D. Cal.).  Prior to those cases, I had been approved for $545 in *Knutson v. Schwan's Home Service, Inc.*, 3:12-cv-00964-GPC-DHB, Dkt. No. 151 (S.D. Cal. April 1, 2015), *Barani v.*

*Wells Fargo Bank, N.A.*, 3:12-cv-02999-GPC-KSC, Dkt. No. 32 (S.D. Cal.), *Hoffman v. Bank of America, N.A.*, 12-cv-00539-JAH-DHB, Dkt. No. 67 (S.D. Cal.), and *Zaw v. Nelnet Business Solutions, Inc.*, 13-cv-05788-RS, Dkt. No. 39 (N. D. Cal.). Thus, I believe my requested hourly billing rate of $620 is justified.

17. My firm, Hyde & Swigart, in which I am a principal, has litigated over 1,200 cases in the past 13 years.  My firm has several offices, including in San Diego, California; Riverside, California; Phoenix, Arizona; Boulder, Colorado; Minneapolis, Minnesota; Dallas, Texas; and Las Vegas, Nevada.

18. Hyde & Swigart has extensive experience in consumer class actions and other complex litigation. My firm has a history of aggressive, successful prosecution of consumer class actions.

### HYDE & SWIGART'S
### CONSUMER RELATED EXPERIENCE AND RESULTS

19. Hyde & Swigart has extensive experience in consumer related issues. A brief summary of a non-inclusive list of notable decisions are as follows:

   a. *Knell v. FIA Card Services, N.A., et al.*, 12-CV-426 AJB(WVG)(S.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq.  Class relief provided for a common fund in the amount of $2,750,000.  Counsel obtained final approval on August 15, 2014);

   b. *Hoffman v. Bank of America, N.A.*, 12-CV-539 JAH(DHB) (S.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq.  Class relief provided for a common fund in the amount of $2,600,000. Finally approved on November 6, 2014);

   c. *Zaw v. Nelnet Business Solutions, Inc.*, et al., C 13-05788 RS (N.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq.  Class relief provided for a

DECLARATION OF JOSHUA SWIGART                                           15-cv-0381-VC

common fund in the amount of $1,188,110.  Final approval granted on December 1, 2014);

d. *CashCall, Inc. v. Superior Court*, 159 Cal. App. 273 (2008) (Allowing the original plaintiff who lacked standing in a class action to conduct pre-certification discovery of the identities of potential plaintiffs with standing);

e. *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377 (2011) (Co-lead counsel on a class action involving privacy rights under Cal. Penal Code § 632 et seq.  Appeals court reversing the trial courts granting of Defendant's motion for summary judgment after case was certified);

f. *Engelen v. Erin Capital Management, LLC*, et al., No. 12-55039 (9th Cir. 2013, not for publication, D.C. No.: 3:10-cv-01125-BEN-RBB) (Reversing the lower court's granting of summary judgment to the defendant debt collector on the basis of the bona fide error defense and remanding for further proceedings);

g. *Sherman v. Yahoo!, Inc.*, 2014 U.S. Dist. LEXIS 13286; 13-CV-0041-GPC-WVG (S.D. Cal.) (TCPA class action where Defendant's motion for summary judgment was denied holding that a single call or text message with the use of an ATDS may be actionable under the TCPA);

h. *Olney v. Progressive Casualty Insurance Company*, 13-CV-2058-GPC-NLS, 2014 U.S. Dist. LEXIS 9146 (S.D. Cal.) (Defendant's motion to dismiss or in the alternative to strike the class allegations was denied finding that debt collection calls were not exempt from coverage under the TCPA);

i. *Iniguez v. The CBE Group, Inc.*, 13-CV-00843-JAM-AC, 2013 U.S. Dist. LEXIS 127066 (E.D. Cal.) (The court denying Defendant's motion to dismiss and to strike class allegations holding that the TCPA applies to any call made to a cellular telephone with an ATDS);

DECLARATION OF JOSHUA SWIGART                                        15-cv-0381-VC

j. *Catala v. Resurgent Capital Servs., L.P.*, 08-CV-2401 NLS, 2010 U.S. Dist. LEXIS 63501 (S.D. Cal.) (Co-lead counsel on a class settlement involving the Fair Debt Collection Practices Act);

k. *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005) (Summary judgment was granted *sua sponte* in favor of a debtor where debt collector violated the Fair Debt Collection Practices Act, when its employees failed to disclose the debt collector's identity and the nature of its business in the messages left on the debtor's answering machine). This case has now been followed in at least four different districts throughout the country.

l. *Edstrom v. All Servs. & Processing*, 2005 U.S. Dist. LEXIS 2773 (N.D. Cal. 2005) (Numerous omissions from a letter sent by a debt collector to members of a homeowners association, and a statement requiring any dispute to be put in writing, violated 15 U.S.C. § 1692g(a) of the FDCPA and Cal. Civ. Code §1788.17. The FDCPA required strict compliance; actual confusion on debtors' part was not required);

m. *Forsberg v. Fid. Nat'l Credit Servs.*, 2004 U.S. Dist. LEXIS 7622 (S.D. Cal. 2004) (Plaintiff alleged sufficient facts to support his claim that a collection company, in its initial communication, did not comply with the statutory requirements for notice of validation of debts under the FDCPA);

n. *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063 (N.D. Cal. 2005) (Court struck Defendant's counter claim of the underlying debt in a fair debt action based on lack of subject matter jurisdiction);

o. *Geoffroy, et al. v. Washington Mutual Bank,* 484 F. Supp. 2d 1115 (S.D. Cal. 2007) (Court striking down Defendant's arbitration agreement as both procedurally and substantively unconscionable);

DECLARATION OF JOSHUA SWIGART                                                15-cv-0381-VC

p. *Yang v. DTS Financial Group*, 07-CV-1731 JLS (WMc) (Holding that for profit debt settlement companies are covered under the FDCPA and can be construed as "debt collectors" under 15 U.S.C. § 1692a(6));

q. *Mason v. Creditanswers,* 2008 U.S. Dist. LEXIS 68575 (Holding that a forum selection clause causing a California consumer to litigate its claims seems contrary to the polices advanced by certain consumer protection statutes);

r. *Myers v. LHR, Inc*., 543 F.Supp.2d 1215 (2008) (Recognizing actual and statutory damages in the amount of $92,000 in a default judgment based on violations of the State and Federal collection statutes);

s. *Yates v. Allied Intl Credit Corp*., 578 F. Supp. 2d 1251 (2008) (Holding a debtors claim based on the FDCPA stemming from the filing of a false police report was not subject to the litigation privilege under Cal. Civ. Code § 47(b));

t. *Owings v. Hunt & Henriques, et al*., 2010 U.S. Dist. LEXIS 91819 (S.D. Cal.) (Recognizing that the Service Members Civil Relief Act applies to California National Guard Members and that the debt collection attorney's false declaration the court violates the FDCPA);

u. *Heathman v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 98742 (S.D. Cal. 2013) (Holding that failing to properly list and disclose the identify of the original creditor in a state collection pleading is a violation of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692e);

v. *Stemple v. QC Holdings, Inc.,* 12-cv-01997-BAS-WVG (S.D. Cal. Nov. 7, 2016) (TCPA action finally approved for $1,500,000);

w. *Abdeljalil v. GE Capital Retail Bank*, 12-cv-02078−JAH−MDD (S.D. al.) (Class Certification granted and finally approved for $7,000,000).

DECLARATION OF JOSHUA SWIGART                                                    15-cv-0381-VC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### ADDITIONAL RELEVANT TRAINING, SPEAKING/TEACHING ENGAGEMENTS AND ASSOCIATIONS

20. I have undergone extensive training in the area of consumer law. The following is a list of recent training conferences I attended:

   a.  National Consumer Law Conference; Oakland, CA – 2003;

   b.  National Consumer Law Conference (FDCPA Mini-Conference); Kansas City, MO – 2004;

   c.  National Consumer Law Conference; Boston, MA – 2004;

   d.  Five-day extensive one-on-one training with The Barry Law Office; San Diego, CA –2005;

   e.  Three-day FDCPA Mini-Conference; Minneapolis, MN – 2005;

   f.  Four-day extensive one-on-one training with The Barry Law Office; Minneapolis, MN – 2005;

   g.  Four-day National Association of Consumer Advocates Conference; Minneapolis, MN – 2005;

   h.  Four-day National Consumer Law Center Conference; Nashville, TN –2008;

   i.  Three-day National Consumer Law Center Conference; Portland, OR -2008;

   j.  Speaker at a Three-day National Consumer Law Center Conference; San Diego, CA - 2009;

   k.  Speaker ABA/JAG presentation to military service members and counsel; MCRD, San Diego CA – 2010;

   l.  Speaker ABA teleconference on defending consumer credit card debt and related issues; San Diego, CA – 2010;

   m. Three-day National Consumer Law Center Conference; Seattle, WA - 2011;

   n.  Two-day FDCPA Mini-Conference; New Orleans; LA - 2012;

DECLARATION OF JOSHUA SWIGART                            15-cv-0381-VC

o.  Two-day National Consumer Law Center Conference on the FDCPA; Seattle, WA - 2012;

p.  National Consumer Law Center Conference, National Convention; Balitmore, MD - 2013;

q.  Speaker ABA National Conference, Business Litigation Section; Trends in Consumer Litigation; San Francisco, CA - 2013;

r.  Speaker National Consumer Law Center; Nuts and Bolts of TCPA Litigation; San Antonio, TX - 2014;

s.  Speaker San Diego County Bar Association; Convergence of the FDCPA and Consumer Bankruptcy; San Diego, CA - 2014;

t.  Guest Speaker at California Western School of Law; Consumer Law class - 2014;

u.  8th Annual Class Action Seminar; San Francisco, CA – 2014;

v.  Speaker regarding class actions at the NCLC National Conference held in Anaheim, CA in 2016.

21. I am a member in good standing of the following local and national associations:

a.  National Association of Consumer Advocates;

b.  Federal Bar Association, Southern District of California Chapter;

c.  San Diego County Bar Association;

d.  Riverside County Bar Association;

e.  San Bernardino County Bar Association;

f.  Enright Inns of Court (2011-2014);

g.  American Association for Justice.

DECLARATION OF JOSHUA SWIGART                                    15-cv-0381-VC

1      I declare under penalty of perjury, under the laws of the United States and

2  the State of California, that the foregoing is true and correct.  Executed this 12th

3  day of October 2017, at San Diego, California.

4                              By:  /s/ Joshua B. Swigart

5                                  Joshua B. Swigart

DECLARATION OF JOSHUA SWIGART                          15-cv-0381-VC