David J. McGlothlin, Esq. (SBN: 253265)
david@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

ABBAS KAZEROUNIAN (SBN 249203)
**Kazerouni Law Group, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
E-mail: ak@kazlg.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Robert A. Pastor; Scott M. Van Horn; Regina M. Florence; and William E. Florence III, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**Bank of America, N.A.**<br><br>Defendant. | Case No.: 15-cv-03831-VC<br><br>**DECLARATION OF ATTORNEY DAVID MCGLOTHLIN IN SUPPORT OF CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, COSTS AND INCENTIVE PAYMENT** |

I, David J. McGlothlin, declare as follows:

1. I am one of the attorneys for the Plaintiffs Robert A. Pastor, Regina Florence, William Florence, and Scott Van Horn (collectively referred to as "Plaintiffs"). I am over the age of 18 and am fully competent to make this declaration. I am a member in good standing of the bars of the State of California, Arizona and Oregon. I am also admitted in every federal district in

those states and have also handled federal litigation in Georgia, Arizona, Nevada, Utah, Colorado and Ohio.

2. If called as a witness, I would competently testify to the matters herein from personal knowledge. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

3. I submit this declaration in support of the Plaintiffs' motion for fees and costs and final approval of class action settlement.

4. This action, which was originally filed on August 21, 2015, was taken on a contingency fee basis agreeing to advance all necessary expenses knowing that I would only receive a fee if there were a recovery.

5. On July 26, 2016 the parties participated in a mediation conducted by Honorable Edward A. Infante (Ret.) that culminated with the filing of the Motion for Preliminary Approval.

6. I have been preliminarily approved as Class Counsel in this matter.

7. I have incurred 202.8 hours in connection with this action, which time records were carefully reviewed. Specifically, I have incurred hours reviewing documents, motion practice, communicating with opposing counsel, communicating with co-counsel on related matters, preparing for hearings, and a significant amount of time participating in several mediations.

8. In my fee request I have included a request for 30 hours of additional time that I will likely spend going forward in seeking final approval of, and implementing the Settlement, including assisting Class Members with claims and overseeing claims administration, and preparing and filing the motion for final approval of class action settlement.

9. As of October 12, 2017, my firm, Hyde & Swigart along with my co-counsel's firm, Kazerouni Law Group, have incurred $19.023.42 in litigation costs.

10. I am not seeking recovery of fees for hours incurred by paralegals working at

1   Hyde & Swigart on this action.

11. I believe that the Parties are fully apprised of the relative strengths and weaknesses of each other's claims and defenses and the potential risks to each party of pursuing further litigation in this matter, especially following mediation.

12. I continue to be unaware of any conflict of interest between Plaintiffs and any settlement class member or between Plaintiffs and Plaintiffs' attorneys.

## CLASS COUNSEL'S EXPERIENCE

13. Since my admission to the California bar in 2007, I have been engaged exclusively in the area of consumer rights litigation, primarily in the area of fair debt collections, the defense of debt collection lawsuits, class action litigation under the Telephone Consumer Protection Act, California's invasion of privacy statutes pursuant to Penal Code § 630, *et seq.*, and false advertising actions concerning consumer products.

14. The hourly rate for my work in this action is $450.

15. I was recently approved for an hourly rate of $395 in *Tabitha Roberts v. Barrett Asset Recovery Services LLC, et al.* (D. of Ariz. May 22, 2017.)

16. In April of 2015 my hourly rate of $365 was approved in the United States District Court, District of Arizona by the Honorable Stephen P. Logan in *Varela v. Enhanced Acquisitions LLC*, case no 2:14-cv-02418-SPL (Ariz. April 2015) and again approved at the same rate in the United States District Court, District of Arizona by the Honorable John W. Sedwick in *Magee v. National Credit Systems, Inc.*, case no 2:16-cv-02809-JJT (Ariz. April 2017). These cases mentioned occurred in Arizona and were simple Fair Debt Collection Practices Act cases. Thus, I believe my hourly billing rate of $425 in the California market for this complex and lengthy class action is justified.

17. My firm, Hyde & Swigart, in which I am a partner, has litigated over 1,000 cases in the past 10 years I have been employed as an attorney. My firm has

several offices, including in San Diego, California; Riverside, California; Phoenix, Arizona; Boulder, Colorado; Minneapolis, Minnesota; Dallas, Texas; and Las Vegas, Nevada.

18. Hyde & Swigart has extensive experience in consumer class actions and other complex litigation. My firm has a history of aggressive, successful prosecution of consumer class actions.

## HYDE & SWIGART'S
## CONSUMER RELATED EXPERIENCE AND RESULTS

19. Hyde & Swigart has extensive experience in consumer related issues. A brief summary of a non-inclusive list of notable decisions are as follows:

   a. *Knell v. FIA Card Services, N.A., et al.*, 12-CV-426 AJB(WVG)(S.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $2,750,000. Counsel obtained final approval on August 15, 2014);

   b. *Hoffman v. Bank of America, N.A.*, 12-CV-539 JAH(DHB) (S.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $2,600,000. Finally approved on November 6, 2014);

   c. *Zaw v. Nelnet Business Solutions, Inc.*, et al., C 13-05788 RS (N.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $1,188,110. Final approval granted on December 1, 2014);

   d. *CashCall, Inc. v. Superior Court*, 159 Cal. App. 273 (2008) (Allowing the original plaintiff who lacked standing in a class action to conduct pre-

certification discovery of the identities of potential plaintiffs with standing);

e. *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377 (2011) (Co-lead counsel on a class action involving privacy rights under Cal. Penal Code § 632 et seq. Appeals court reversing the trial courts granting of Defendant's motion for summary judgment after case was certified);

f. *Engelen v. Erin Capital Management, LLC*, et al., No. 12-55039 (9th Cir. 2013, not for publication, D.C. No.: 3:10-cv-01125-BEN-RBB) (Reversing the lower court's granting of summary judgment to the defendant debt collector on the basis of the bona fide error defense and remanding for further proceedings);

g. *Sherman v. Yahoo!, Inc.*, 2014 U.S. Dist. LEXIS 13286; 13-CV-0041-GPC-WVG (S.D. Cal.) (TCPA class action where Defendant's motion for summary judgment was denied holding that a single call or text message with the use of an ATDS may be actionable under the TCPA);

h. *Olney v. Progressive Casualty Insurance Company*, 13-CV-2058-GPC-NLS, 2014 U.S. Dist. LEXIS 9146 (S.D. Cal.) (Defendant's motion to dismiss or in the alternative to strike the class allegations was denied finding that debt collection calls were not exempt from coverage under the TCPA);

i. *Iniguez v. The CBE Group, Inc.*, 13-CV-00843-JAM-AC, 2013 U.S. Dist. LEXIS 127066 (E.D. Cal.) (The court denying Defendant's motion to dismiss and to strike class allegations holding that the TCPA applies to any call made to a cellular telephone with an ATDS);

j. *Catala v. Resurgent Capital Servs., L.P.*, 08-CV-2401 NLS, 2010 U.S. Dist. LEXIS 63501 (S.D. Cal.) (Co-lead counsel on a class settlement involving the Fair Debt Collection Practices Act);

k. *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005) (Summary judgment was granted *sua sponte* in favor of a debtor where debt collector violated the Fair Debt Collection Practices Act, when its employees failed to disclose the debt collector's identity and the nature of its business in the messages left on the debtor's answering machine). This case has now been followed in at least four different districts throughout the country.

l. *Edstrom v. All Servs. & Processing*, 2005 U.S. Dist. LEXIS 2773 (N.D. Cal. 2005) (Numerous omissions from a letter sent by a debt collector to members of a homeowners association, and a statement requiring any dispute to be put in writing, violated 15 U.S.C. § 1692g(a) of the FDCPA and Cal. Civ. Code §1788.17. The FDCPA required strict compliance; actual confusion on debtors' part was not required);

m. *Forsberg v. Fid. Nat'l Credit Servs.*, 2004 U.S. Dist. LEXIS 7622 (S.D. Cal. 2004) (Plaintiff alleged sufficient facts to support his claim that a collection company, in its initial communication, did not comply with the statutory requirements for notice of validation of debts under the FDCPA);

n. *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063 (N.D. Cal. 2005) (Court struck Defendant's counter claim of the underlying debt in a fair debt action based on lack of subject matter jurisdiction);

o. *Geoffroy, et al. v. Washington Mutual Bank,* 484 F. Supp. 2d 1115 (S.D. Cal. 2007) (Court striking down Defendant's arbitration agreement as both procedurally and substantively unconscionable);

p. *Yang v. DTS Financial Group*, 07-CV-1731 JLS (WMc) (Holding that for profit debt settlement companies are covered under the FDCPA and can be construed as "debt collectors" under 15 U.S.C. § 1692a(6));

q. *Mason v. Creditanswers,* 2008 U.S. Dist. LEXIS 68575 (Holding that a forum selection clause causing a California consumer to litigate its claims

seems contrary to the polices advanced by certain consumer protection statutes);

r. *Myers v. LHR, Inc.*, 543 F.Supp.2d 1215 (2008) (Recognizing actual and statutory damages in the amount of $92,000 in a default judgment based on violations of the State and Federal collection statutes);

s. *Yates v. Allied Intl Credit Corp.*, 578 F. Supp. 2d 1251 (2008) (Holding a debtors claim based on the FDCPA stemming from the filing of a false police report was not subject to the litigation privilege under Cal. Civ. Code § 47(b));

t. *Owings v. Hunt & Henriques, et al.*, 2010 U.S. Dist. LEXIS 91819 (S.D. Cal.) (Recognizing that the Service Members Civil Relief Act applies to California National Guard Members and that the debt collection attorney's false declaration the court violates the FDCPA);

u. *Heathman v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 98742 (S.D. Cal. 2013) (Holding that failing to properly list and disclose the identify of the original creditor in a state collection pleading is a violation of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692e);

v. *Stemple v. QC Holdings, Inc.,* 12-cv-01997-BAS-WVG (S.D. Cal. Nov. 7, 2016) (TCPA action finally approved for $1,500,000);

w. *Abdeljalil v. GE Capital Retail Bank*, 12-cv-02078−JAH−MDD (S.D. al.) (Class Certification granted and finally approved for $7,000,000).

**ADDITIONAL RELEVANT TRAINING, SPEAKING/TEACHING ENGAGEMENTS AND ASSOCIATIONS**

20. I have been requested to and have made regular appearances on KFNN 1510 Financial News Radio regarding consumer rights and debt collection laws.

21. I have appeared on KPHO's Channel 5 10:00 p.m. news program to discuss abusive debt collectors and consumer's rights.

22. I have appeared on 3TV's news program to discuss abusive debt collectors and the credit industry.

23. I have appeared on the local NBC affiliate's 12 News to discuss consumer issues including the recent fraud by Wells Fargo Bank.

24. I have given a presentation regarding consumer rights and the military to the Judge Advocates Office at the Marine Corp Air Station Base in Yuma, Arizona.

25. I have undergone extensive training in the area of consumer law. The following is a list of recent training conferences I attended:

   a. Three-day National Consumer Law Center: Fair Debt Collection Practices Training Conference, in Tucson, AZ - 2007;

   b. Four-day National Consumer Law Center Conference; Nashville, TN – 2008;

   c. Three-day National Consumer Law Center Conference; Portland, OR - 2008;

   d. Three-day National Consumer Law Center Conference; San Diego, CA - 2009.

   e. Three-day National Consumer Law Center: Fair Debt Collecting Training Conference in Seattle, WA in March 2011;

   f. Three-day National Consumer Law Center: Fair Debt Collecting Training Conference in New Orleans, LA in March 2012;

   g. Four-day National Consumer Law Center Conference; Seattle, WA – October, 2012;

   h. Three-day National Consumer Law Center: Fair Debt Collection Practices Training Conference, in Baltimore, MD - March 2013;

   i. Three-day National Consumer Law Center: Fair Debt Collection Practices Training Conference, in San Antonio, Tx - March 2014.

   j. Consumer Attorneys Association of Los Angeles, Annual

Convention; Las Vegas, NV – September 2014;

k. Four-day National Consumer Law Center Conference; Tampa, FL – November, 2014;

l. Three-day National Consumer Law Center: Fair Credit Reporting Act Training Conference, in Las Vegas, NV - May 2015;

m. Consumer Attorneys Association of Los Angeles, Annual Convention; Las Vegas, NV – September 2015;

n. Four-day National Consumer Law Center Conference; San Antonio, TX – November, 2015;

o. Three-day National Consumer Law Center: Fair Debt Collection Practices Training Conference, in Miami, FL - March 2016;

p. Four-day National Consumer Law Center Conference; Anaheim, CA – October 2016.

26. I am a member in good standing of the following local and national associations:

a. National Association of Consumer Advocates;

b. Federal Bar Association,;

c. Maricopa County Bar Association;

I declare under penalty of perjury, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this <u>12th</u> day of October 2017, at Phoenix, Arizona.

By: <u>/s/ David J. McGlothlin</u>

David J. McGlothlin