UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert A. Pastor, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.<br><br>Defendant. | Case No. 3:15-CV-03831-VC<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING SUPPLEMENTAL PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

On July 26, 2016, after extensive arms-length negotiations, and private mediation conducted before Honorable Edward Infante (ret.), Plaintiff and Defendant (herein jointly referred to as the "Parties") entered in to a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23, for monetary damages as set forth in the Agreement.

On July 7, 2017, this Court entered a Preliminary Approval Order which conditionally certified the Settlement Class and directed Bank of America and the Claims Administrator KCC to provide the Class Settlement Notice to each Settlement Class Member. After Bank of America complied with the Preliminary Approval Order and provided notice of the Settlement to approximately 537,857

ORDER GRANTING SUPPLEMENTAL
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
CASE NO. 3:15-CV-03831-VC

Class Members (hereinafter referred to as the "Original Settlement Class Members"), in December 2017, Bank of America discovered that, due to an inadvertent error in retrieving names and addresses of class members from Bank of America's electronic consumer records, the Class Settlement Notice was not mailed to all borrowers on accounts with multiple borrowers.  Due to a retrieval error, only the primary borrower listed on the account was included in the mailing list of Settlement Class Members created by Defendants. As a result, additional or secondary borrowers' names were not included in the mailing list and therefore were not separately named on the Class Settlement Notice KCC mailed to their properties.  Bank of America identified approximately 61,410 secondary or additional borrowers (hereinafter referred to as the "Affected Settlement Class Members").  The Parties brought this issue to the Court's attention in the Parties' December 14, 2017 Joint Stipulation to Continue Final Approval Hearing. The Parties provided further detail about the issue and answered the Court's questions at the January 11, 2018 status conference.

On February 12, 2018, the Parties entered into an Addendum to the Revised Class Action Settlement (hereinafter referred to as the "Addendum"), which set forth certain amendments related to the settlement amount and notice requirements for the Affected Settlement Class Members.  Pursuant to the Joint Motion to Request an Amended Order Approving Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Motion for Amended Order of Preliminary Approval"), the Parties now request an amended order granting preliminary approval of the class action settlement.

The Court has read and considered the Addendum to the Revised Class Action Settlement Agreement, the Motion for Amended Order of Preliminary Approval, the proposed Supplemental Class Settlement Notice (including the Long-Form Notice, the Postcard Notice, and the Claim Form) submitted to the Court on

March 15, 2018, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement or Addendum. This Amended Order is intended to supplement the Court's July 7, 2017 Preliminary Approval Order. Except to the extent amended by this Amended Order, all terms and provisions of the Preliminary Approval Order are hereby ratified and remain in full force and effect and the Preliminary Approval Order shall remain enforceable.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. <u>JURISDICTION</u>:  The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. <u>PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT</u>:  The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement and Addendum, and the Exhibits thereto, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class members, especially in light of the benefits to the Settlement Class members, the strength and weaknesses of the Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals. The Court finds that the Agreement and Addendum are sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

3. <u>THE SETTLEMENT CLASS SATISFIES RULE 23's REQUIREMENTS</u>:  In connection with this conditional certification, the Court makes the following preliminary findings:

    A. The Settlement Class appears to be so numerous that joinder of all members is impracticable;

    B. There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

    C. Plaintiffs' claims appear to be typical of the claims being resolved through the Settlement;

    D. Plaintiffs appear to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

    E. For purposes of determining whether the Agreement and Addendum are fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

    F. For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

4. <u>CLASS MEMBERS</u>: There is no change to the Settlement Class. The Settlement Class remains the same as the class certified by the Preliminary Approval Order.

5. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL</u>: The Class Counsel appointed by the Court in the Preliminary Approval Order—Abbas Kazerounian and Ryan McBride of the Kazerouni Law Group, APC and Joshua B. Swigart and David J. McGlothlin of Hyde & Swigart—remain the same.

6. <u>NOTICE AND CLAIMS PROCESS:</u>  The Court approves the form and substance of the proposed notice procedure set forth in the Addendum. As provided in that Addendum, Defendant Bank of America will provide the name and last known address for the Affected Settlement Class Members obtained from its database to the Claims Administrator KCC.  Within 7 days after entry of the Amended Order of Preliminary Approval, KCC will then mail the Supplemental Class Settlement Notice to each Affected Settlement Class Member at their last known address as provided by Bank of America, and update those addresses for which notice is returned, then send a follow-up update to those addresses for which a more current address was obtained.  The Supplemental Class Settlement Notice shall reference a website established for this Settlement, and that website shall contain the details of the Settlement. The Supplemental Class Settlement Notice shall also contain the Claims Administrator's toll free telephone number so that the Affected Settlement Class Members can inquire about the Settlement and also make a claim over the telephone. At least ten (10) days prior to the Final Approval Hearing, the Claims Administrator shall file a declaration of compliance with the notice procedures as set forth in the Agreement and Addendum. The form and method for notifying the Affected Settlement Class Members of the settlement and its terms and conditions satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constitutes the best notice practicable under the circumstances. The Court finds that the notice process is designed to advise the Affected Settlement Class Members of their rights.   The Court further finds that re-noticing the entire class of the changes to the Settlement as reflected in the Addendum is unnecessary, and that notice to the Affected Settlement Class Members is sufficient.  Finally, the Court

finds that the claims process set forth in the Agreement and Addendum is the best practicable procedure under the circumstances.

7. CLAIMS PROCESS:  The Court preliminarily approves the process set forth in the Agreement and Addendum for submitting, reviewing, approving and paying all claims from the over $1,645,000 Settlement Fund.  Each Class Member, including the Original Settlement Class Members and the Affected Settlement Class Members, that timely submits a claim by the June 19, 2018 deadline, will receive a pro-rata portion of the settlement fund.  Specifically, each Original Settlement Class Member who has already submitted a claim or timely submits a claim by June 19, 2018, will receive a pro rata share of the original $1.645 million Settlement amount.  Additionally, each Affected Settlement Class Member who timely submits a claim by June 19, 2018, will receive the exact same amount as each Original Settlement Class Member receives.

8. EXCLUSIONS:  Any Settlement Class Member, including the Original Settlement Class Members and the Affected Class Members, who desires to be excluded from the class must send a written request for exclusion to the Claims Administrator, with a postmark date no later than June 19, 2018.  The Claims Administrator's address shall be provided in the Supplemental Settlement Class Notice mailed to the Affected Settlement Class Members and also shall be posted on the website. The Claims Administrator shall provide a list of those persons requesting exclusion to Class Counsel and to Defendant's counsel after the deadline for exclusions passes, but no later than ten (10) days prior to the Final Approval Hearing.  A copy of that list will be filed with the Parties' Motion for Final Approval of the Class Action Settlement.

9. To be effective, the written request for exclusion must contain the person's full name and address and be signed by the Settlement Class member. They must also state generally that they wish to be excluded from the settlement.

10. Any Settlement Class member who submits a valid and timely request for exclusion shall not be bound by the Agreement and Addendum or settlement.

11. <u>OBJECTIONS</u>:  Any Settlement Class member, including Original Settlement Class Members and Affected Settlement Class Members, who intends to object to the fairness of the Settlement must file a written objection with the Court no later than June 19, 2018. Further, any such Settlement Class member must, within the same time period, provide a copy of the written objection to Class Counsel and Defense Counsel, whose addresses shall be set forth in the website's notice advising the Settlement Class members about objections.

12. For an objection to be considered by the Court, the objection must also set forth: The name of the Action; The objector's full name, address, and telephone number; An explanation of the basis upon which the objector claims to be a Settlement Class Member; All grounds for the objections, accompanied by any legal support for the objection; The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application; The identity of all counsel representing the objector who will appear at the Final Approval Hearing; A list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; A statement confirming whether the objector intends to personally appear and/or testify at the Final Approval

Hearing; and The objector's signature (an attorney's signature is not sufficient); A list of all other objections and consideration paid to resolve them; For any objector who did not receive Mail Notice and claims to be a member of the Settlement Class, the objector must prove: A true and correct copy of the objector's credit report(s) showing an Account Review Inquiry during the Class Period; The date and documentation of one of the three events listed in the Settlement Class definition that preceded the Account Review Inquiry; and Attestation that, to the best of the objector's knowledge, Bank of America conducted an Account Review Inquiry after one of the three events listed in the Settlement Class definition.

13. Any Settlement Class member who does not file a valid and timely objection to the Settlement shall be barred from seeking review of the Settlement by appeal or otherwise.

14. <u>FINAL APPROVAL HEARING</u>:  A hearing (hereinafter the "Final Approval Hearing") will be held on August 16, 2018, at 10:00 AM, at the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, Courtroom 4- 17th Floor, San Francisco, CA 94102, to review the following issues:

   A. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class members and should be approved by the Court;

   B. Whether the Final Judgment and Order of Dismissal With Prejudice, as provided under the Agreement and Addendum, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against Released Parties; and

   C. To discuss and review other issues as this court deems appropriate.

15. Attendance at the Final Approval Hearing is not necessary. Settlement Class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class members wishing to be heard are, however, required to indicate in their written objection whether they intend to appear at the Final Approval Hearing.

16. PRELIMINARY SCHEDULE:

   A. <u>Notice Deadline</u>:  To be completed within 7 days after the entry of the Order Granting Joint Motion to Request Supplemental Preliminary Approval of Addendum to Revised Class Action Settlement Agreement;

   B. <u>Claim Deadline</u>:  All claims must be postmarked no later than June 19, 2018;

   C. <u>Deadline for filing of Plaintiffs' Supplemental Motion for Attorneys' Fees and Costs and Service Awards</u>: approximately 30 days before the Claims Deadline (May 21, 2018);

   D. <u>Opt-Out and Objection Deadline</u>: Exclusion requests must be postmarked no later than June 19, 2018.  Objections must also be filed with the Court no later than June 19, 2018;

   E. <u>Final Approval Hearing</u>: August 16, 2018; and

   F. <u>Motion for Final Approval and Other Papers in Support of Final Approval and Incentive Award</u>:  28 days prior to Final Approval Hearing date (July 20, 2018).

17. MISCELLANEOUS PROVISIONS: The Addendum and this Amended Order shall be null and void if any of the following occur:

   A. The Addendum is terminated by any of the Parties for failure of any consideration under the Addendum, or the number opt-outs

     exceeds the limit as set forth in the Addendum, or any specified condition to the settlement set forth in the Addendum is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

  B. The Court rejects, in any material respect, the Final Judgment and Order of Dismissal With Prejudice substantially in the form and content attached to the Addendum and/or the Parties fail to consent to the entry of another form thereof;

  C. The Court rejects any component of the Addendum, including any amendment thereto approved by the Parties; or

  D. The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

18. If the Addendum and this Order are voided under paragraph 17, then the Addendum shall have no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Addendum had never been executed and this order never entered.

19. Notwithstanding any language in the Agreement and Addendum to the contrary, the Court will not enjoin other litigation. Therefore, any language in the settlement agreement suggesting that future litigation is enjoined will be unenforceable.

20. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement and Addendum.

1  Dated: March 16, 2018

_____
HON. VINCE V. CHHABRIA