Joshua B. Swigart, Esq. (SBN 225557)
josh@westcoastlitigation.com
David J. McGlothlin, Esq. (SBN 253265)
david@westcoastlitigation.com
Hyde & Swigart
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
Ryan L. McBride, Esq. (SBN 297557)
ryan@kazlg.com
Kazerouni Law Group
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:   (800) 520-5523

*Class Counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Robert A. Pastor; Scott M. Van Horn; Regina M. Florence; and William E. Florence III;** on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Bank of America, N.A.,**<br><br>Defendant. | **Case No.: 15-cv-03831-VC**<br><br>**DECLARATION OF ABBAS KAZEROUNIAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**<br><br>**JUDGE:   Hon. Vince Chhabria** |

# DECLARATION OF ABBAS KAZEROUNIAN

I, Abbas Kazerounian, declare:

1. I am an attorney admitted to the State Bar of California in 2007 and have been a member in good standing since that time. I am admitted to practice in the state of California, Texas, Illinois, Washington, and Michigan and the District of Columbia. I have litigated cases in courts in California, Washington, Ohio, Nevada, New Jersey, Arkansas, Tennessee, New York, Pennsylvania, Illinois, Colorado, Arizona and Texas. I am also admitted in every federal district in California and have handled federal litigation in the federal districts of California, including being admitted to the Ninth Circuit Court of Appeals and the United States Supreme Court. I am a partner with the law firm Kazerouni Law Group, APC, and co-counsel for plaintiffs Robert A. Pastor, Scott M. Van Horn, Regina M. Florence, and William E. Florence III (collectively as "Plaintiffs") in the above-captioned action against defendant Bank of America, N.A. ("Defendant").

2. I have personal knowledge of the following facts and, if called upon as a witness, could and would competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

3. I am writing this declaration in support of Plaintiff's Motion for Final Approval of Nationwide Class Action Settlement and Certification of Settlement Class.

4. The Parties have litigated this dispute for three years, as the action was filed in the Northern District of California on August 21, 2015 (*Robert A. Pastor v. Bank of America*, 3:15-cv-03831-MEJ (N.D. Cal)).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

5. Early on in the litigation, the Parties agreed to mediation with an experienced mediator, Judge Infante. At the mediation on July 26, 2016, the Parties reached an agreement for settlement of the class.

6. In September 2016, Plaintiff propounded confirmatory written discovery including interrogatories in connection with the legal dispute. Defendant provided responses in January of 2017. In addition to the responses provided by Defendant, Plaintiff also took a confirmatory deposition of Defendant's F.R.C.P 30(b)(6) representative on January 12, 2017.

7. A written Settlement Agreement was finalized and fully executed in April of 2017 and a Revised Settlement Agreement and Release that superseded the original Agreement was fully executed by the parties on June 22, 2017.

8. It is my opinion that the nationwide settlement class as defined, consisting of approximately 586,801[1] people who had their credit pulled by Defendant, satisfies the requirements of F.R.C.P. 23 because all persons in the settlement class are persons who had their credit pulled by Defendant after the class members' relationship had ended with Defendant. I believe the settlement is fair and reasonable. I also believe the nationwide settlement will have a deterrent effect on future alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") by Defendant and similar businesses.

9. There is no intra-class conflict between the class representatives and the other class members. Each class representative understands the case and why it was brought on each of their behalf. Further, Plaintiffs' attorneys are knowledgeable and experienced in class action litigation and in litigation of FCRA claims and are free from conflicts with the class.

---

[1] This is the total number of class members and consists of 526,627 individuals in Group 1 and 60,174 individuals from Group 2.

KAZEROUNIAN DECL. IN SUPP. OF MTN. FOR FINAL APPROVAL OF SETTLEMENT
CASE NO. 16CV03831-VC                           2

10. Since preliminary approval, Plaintiffs have continued to serve as adequate Class Representatives by reviewing documents and submitting declarations in support of the Fee Brief; and Plaintiffs support final approval of the proposed settlement.

11. I have continued to adequately represent the interests of the Class Members and the named Plaintiffs, having, among other things, timely filed the Fee Brief on October 12, 2017 (Dkt. No. 58), dealt with the supplemental notice plan for the Group 2 Class Members, filed a Supplemental Fee Brief on May 21, 2018 (Dkt. No. 80) and assisted with settlement administration and responded to numerous Class Members' inquiries.

### RISKS OF CONTINUED LITIGATION

12. The named Plaintiffs and their counsel believe that the claims asserted in the actions have merit.

13. Taking into account the burdens, uncertainty and risks inherent in this litigation, Plaintiffs' counsel have concluded that further prosecution of this action through trial would be protracted, burdensome, and expensive, and that it is desireable, fair, and beneficial to the nationwide settlement class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement.

### CLAIMS PROCESS

14. Class Members were provided no less than ninety (90) days to make a claim for a Settlement payout.

15. The procedure for submitting a claim was made as easy as possible – a claim form could be submitted online via the Settlement Website, through IVR or by U.S. Mail.

16. I was informed by the Claims Administrator, KCC, that there were 114,512 valid claims, twenty-five requests for exclusion, and no objections.

17. I am also unaware of any objection from any of the Attorneys General.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 20, 2018, pursuant to the laws of the United States and the State of California at Costa Mesa, California.

                                           /s/ Abbas Kazerounian
                                           Abbas Kazerounian