UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. PASTOR, ET AL.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BANK OF AMERICA,<br><br>　　　　Defendant. | Case No. 15-cv-03831-VC<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES**<br><br>Re: Dkt. No. 58, 80, 81 |

On July 26, 2016, after extensive arms-length negotiations, and private mediation conducted before Honorable Edward Infante (ret.), Plaintiff and Defendant (herein jointly referred to as the "Parties") entered in to a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23, for monetary damages as set forth in the Agreement.

On April 13, 2017, the parties jointly filed a Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class ("Preliminary Approval Motion") [Dkt No. 46].[1]

On July 7, 2017, upon consideration of the Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (*see* Order granting Motion for Preliminary Approval of Class action Settlement and Certification of Settlement Class

---

[1] Supplemental briefing was filed on June 07, 2017 (Dkt. No. 52) and on June 23, 2017 (Dkt. No. 54).

("Preliminary Approval Order") [Dkt. No. 55]). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily approved the proposed settlement; (ii) approved the Notice and instructed its mailing; and (iii) set the date and time of the Final Approval Hearing.

After BANA complied with the Preliminary Approval Order and provided notice of the Settlement to approximately 526,627 Group 1 Original Settlement Class Members, in December 2017, BANA discovered that, due to an inadvertent error in retrieving names and addresses of class members from BANA's electronic consumer records, the Class Settlement Notice was not mailed to all borrowers on accounts with multiple borrowers. Due to a retrieval error, only the primary borrower listed on the account was included in the mailing list of Settlement Class Members created by BANA. As a result, additional or secondary borrowers' names were not included in the mailing list and therefore were not separately named on the Class Settlement Notice KCC mailed to their properties. BANA identified approximately 61,410 secondary or additional borrowers (the "Affected Settlement Class Members") in Group 2.

On February 2, 2018, the parties filed a Joint Motion to Request Supplemental Preliminary Approval of Addendum to Revised Class Action Settlement Agreement (the "Supplemental Preliminary Approval Motion"). Dkt. No. 68. The motion sought the Court's approval of the Supplemental Class Settlement Notice.

On March 16, 2018 the Court granted the Supplemental Preliminary Approval Motion. Dkt. No. 79.

On July 20, 2018, the Parties filed their Motion for Final Approval of Class Action Settlement Agreement (hereinafter referred to as the "Final Approval Motion"). Pursuant to their Final Approval Motion, the Parties requested final approval of the proposed Class Action Settlement.

The Court has read and considered the Agreement, Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE IT IS HEREBY ORDERED:

1. JURISDICTION: The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. NOTICE AND CLAIMS PROCESS: Pursuant to the Court's orders, the Claims Administrator has complied with the approved notice process as confirmed in its declaration filed with the Court. The form and method for notifying the Settlement Class members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and Supplemental Preliminary Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice process was clearly designed to advise the Settlement Class members of their rights. Further, the Court finds that the claim process set forth in the Agreement was followed and that the process was the best practicable procedure under the circumstances.

3. FINAL CLASS CERTIFICATION: The Court again finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

> A. The Settlement Class members are so numerous that joinder of all of them in the Lawsuit would be impracticable;
>
> B. There are questions of law and fact common to the Settlement Class members, which predominate over any individual questions;
>
> C. The claims of Plaintiff are typical of the claims of the

Settlement Class members;

  D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all the Settlement Class members; and

  E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

 4. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class members, especially in light of the benefits to the Settlement Class members, the strength of the Plaintiffs' case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

 5. <u>SETTLEMEMT TERMS</u>: The Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

  A. Defendant shall pay each of the 114,512 claimants that made a timely and valid claim $4.06;

  B. Defendant shall pay to Class Counsel the sum of $431,250 in attorneys' fees and $19,023.42 for costs incurred in litigating this action.

6. EXCLUSIONS: A total of 33 exclusions were received. Those persons requesting exclusion are named on Exhibit A to this Order. The Court hereby excludes these individuals from the class and settlement.

7. OBJECTIONS: The Settlement Class members were given an opportunity to object to the settlement. No Settlement Class members filed objections.

8. This Order is binding on all Settlement Class members, except those individuals named on Exhibit A, who validly and timely excluded themselves from the Class.

9. RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT: The Class Representative, Settlement Class members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

10. The Lawsuit is hereby dismissed with prejudice in all respects.

11. This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

The motion for attorneys' fees and costs is also granted. The plaintiffs are awarded $431,250 in fees and $19,023.42 in costs. Ten percent of the fee award must be withheld by the settlement administrator until the Court approves its release, which will be after plaintiffs' counsel files a notice of completion of duties (discussed further below).

The requested $5,000 incentive fee for each named plaintiff is approved.

Without affecting the finality of this Final Judgment and Order of Dismissal With Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order. No later than 120 days after settlement checks are distributed, plaintiffs' counsel must file a notice of completion of duties which certifies that the settlement administration process is complete, explains how many checks were distributed and cashed, explains how much money is left in the settlement fund, describes any problems that occurred during the settlement administration process and explains how they were addressed, and seeks approval of distribution to a cy-pres beneficiary. The notice of completion of duties should be accompanied by a proposed order releasing the remainder of attorneys' fees, and may be submitted as an administrative motion under Civil Local Rule 7-11.

**IT IS SO ORDERED.**

Dated: August 16, 2018

VINCE CHHABRIA
United States District Judge